1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kathryn S. Diemer, Esq.
DIEMER & WEI, LLP
55 S. Market Street
Suite 1420
San Jose, California 95113
Tel: (408) 971-6270
E-mail: kdiemer@diemerwei.com

Jason R. Klinowski, Esq. (*pro hac vice* forthcoming)
KLINOWSKI DAMIANO LLP
P.O. Box 43404
Birmingham, Alabama 35243
Tel: (205) 644-8881
E-mail: jklinowski@aglawyer.com

COUNSEL FOR SUN HONG FOODS, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SUN HONG FOODS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UTOPIA FOODS, INC. and DOES 1-50, each individually, <br><br><br><br><br><br> Defendants. | Case No.: <br> ***Jury Trial Requested*** <br><br> COMPLAINT <br><br> 1. Conversion <br> 2. Viol. of Lanham Act – Misbranding <br> 3. Viol. of Lanham Act – Trademark <br> 4. Viol. of Lanham Act – Trade Dress <br> 5. Viol. of P.A.C.A -Unfair Conduct <br> 6. Viol of CA B & P §17500 <br> 7. Viol. of CA B & P §17200 <br> 8. Trade Libel <br> 9. Negligence <br> 10. Int. Interf. Prospective Econ. Advantage <br> 11. Negl. Interf. Prospective Econ. Advantage <br> 12. Injunctive Relief |

1

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

For its Complaint for damages, restitution, civil penalty, and injunctive relief, the plaintiff respectfully states as follows:

**THE PARTIES**

1.      Sun Hong Foods, Inc. ("*Plaintiff*" or "*Sun Hong*"), is a California corporation with its principal place of business located at 1105 W Olympic Blvd, Montebello, CA 90640.

2.      Sun Hong trades in fresh fruit and vegetable commodities the United States Department of Agriculture ("*USDA*") expressly recognizes as commodities covered under the provisions of the Perishable Agricultural Commodities Act, 1930, *as amended*, 7 U.S.C. §§ 499a-499t (2021) ("*PACA*").

3.      Sun Hong buys and sells wholesale quantities of perishable agricultural commodities (hereinafter "*Produce*") in both interstate and foreign commerce.

4.      At all times relevant hereto Sun Hong operated its business under a valid USDA issued PACA License, which the USDA has identified as License number 20160693.

5.      As a PACA licensee, Sun Hong operated as a "dealer" of Produce as defined by PACA.

6.      Sun Hong, currently and throughout all of 2022, purchases or sources Enoki Mushrooms from the Republic of Korea and sells the same in the United States.

2

7.      Sun Hong does not buy or sell Enoki mushrooms from China, and has not done so since November of 2021.

8.      Sun Hong has neither sold nor distributed Chinese Enoki mushrooms in the United States since December of 2021.

9.      Defendant, Utopia Foods, Inc., d/b/a Utopia Produce (hereafter "*Utopia*" or "*Defendant*"), is a New York corporation with a principal place of business located at 83-18 72nd Dr, Glendale, NY 11385.  Utopia

    a.  sold or distributed, directly or indirectly, Produce (i.e., Enoki mushrooms) in California, Missouri, Maryland, and other states;

    b.  committed certain statutory violations and tortious acts, as set forth herein, within the State of California; and,

    c.  sold and distributed misbranded Produce falsely identifying Sun Hong as the distributor of Produce Utopia sold and distributed to its customers within, *inter alia*, the State of California and in the ordinary course of its Produce business.

10.     Utopia buys and sells wholesale quantities of Produce in both interstate and foreign commerce.

11.     At all relevant times hereto, Utopia traded in fresh fruit and vegetable commodities, which the USDA expressly recognizes as commodities covered under the provisions of PACA

12.     At all times relevant hereto, Utopia operated its business under a USDA issued PACA License, which the USDA has identified as License number 20221083.

13.     As a PACA licensee, Utopia operated as a "dealer" of Produce as defined by PACA.

14.     At all times herein mentioned, each of the Defendants, including Does One through Fifty, was the agent, servant, and employee of the other defendants, and was acting at all times within the scope of his/her agency and with the knowledge and consent of each other.  Doe defendants includes all persons, entities, companies, joint ventures, or any entity of any type, who acted to propagate, increase, sell, or otherwise cause distribution of the wrongfully packaged enoki mushrooms into commerce.

15.     Utopia and all Does [hereinafter defined as "Defendants"], and each of them, at all times herein mentioned, acted jointly and in concert and conspired and agreed to do the things hereinafter specified; and each and all of the things hereinafter alleged to have been done by the defendants or any of them, were done as co-conspirators and thus, as agents for each other, as well as in their respective individual capacities to advance their own individual interests.

16.     If and when appropriate, Plaintiff will amend this Complaint or seek leave of Court to amend this complaint for the purpose of pleading the names and capacity of presently unknown Doe Defendants.

1

## JURISDICTION AND VENUE

2

3      17.     The District Court has subject matter jurisdiction over this civil action

4      arising under 28 U.S.C. § 1331, Federal Question Jurisdiction, because this matter

5
       involves questions concerning the interpretation and application of multiple federal
6
7      statutes.

8      18.     First, the District Court has subject matter jurisdiction over this civil

9      action arising pursuant to the Federal Food, Drug, and Cosmetic Act ("*FDCA*") (21

10
       U.S.C. § 301, *et seq*.), which prohibits and makes illegal the actions taken by
11

12     Defendant Utopia as described herein.

13     19.     Second, the District Court has subject matter jurisdiction over this civil

14
       action arising under PACA, 7 U.S.C. § 499e(b)(2) ("liability may be enforced by …
15

16     suit in any court of competent jurisdiction….").

17     20.     Third, the District Court has subject matter jurisdiction over this civil

18
       action arising under  15 U.S.C. § 1125(a) and (the "*Lanham Act*")(prohibiting any
19

20     act which "[i]s likely to cause confusion, or to cause mistake, or to deceive as to the

21
       affiliation, connection, or association of such person with another person, or as to the
22

23     origin, sponsorship, or approval of his or her goods, services, or commercial activities

24     by another person," 15 U.S.C. § 1125(a)(1)(A)).

25     21.     The District Court also has subject matter jurisdiction over this civil

26
       action pursuant to 28 U.S.C. § 1337 because the FDCA, PACA, and Lanham Act
27

28

each qualify as an "Act of Congress regulating commerce" and Plaintiff's claims herein arise under 21 U.S.C. § 301, 7 U.S.C. § 499, and 15 U.S.C. § 1125.

22.     The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

23.     The Court has *in rem* jurisdiction over the Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. § 1655.

24.     Venue in this district is based on 28 U.S.C. § 1391(b) because:

a.   the case concerns the health and safety of all California citizens, including those residing in the Central District;

b.   a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is or was situated within this district;

c.   Sun Hong is located in and operates its business in the Central District of California, and;

d.   Utopia has illegally sold misbranded/mislabeled food products bearing Sun Hong's packaging and Sun Hong's Trade Dress, Trade Name, Branding, Labeling, and Packaging in this district.

## **NATURE OF THE CASE**

25.     This civil action concerns *inter alia* violations by Defendant Utopia of

the FDCA, 21 U.S.C. § 301 *et seq.*,[1] PACA, 7 U.S.C. 499(b)(4) & (5)[2], the Lanham

Act, 15 U.S.C. § 1125, *et. seq.*[3], California's Unfair Trade Practices Act, Cal. Bus. &

Prof. Code §§ 17200, 17500, *et. seq.*,[4] and California's Sherman Law, Cal. Health &

Saf. Code, § 110100, *et. seq.* (the "*Sherman Law*")[5]

      26.     Defendant Utopia has violated and continues to violate these statutes

and continues to commit other tortious acts by introducing into the stream of

---

[1] The Federal Food, Drug, and Cosmetic Act (FDCA) (21 U.S.C. § 301 et seq.) prohibits the misbranding of any food (21 U.S.C. § 331(b)). A food is deemed misbranded under the FDCA if its labeling is false or misleading in any particular (21 U.S.C. § 343(a)).

[2] PACA prohibits the misbranding of perishable agricultural commodities (7 U.S.C.S. § 499b(5)) and unfair trade practices by PACA registered entities (7 U.S.C.S. § 499b(4)).

[3] Lanham Act 15 U.S.C. § 1125(a)&(b) prohibits the use of "any word, term, name, symbol, or device, or any combination thereof," and "false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person", or "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities" Lanham Act 15 U.S.C. §1127 prohibits adoption of a trade dress confusingly similar to a competitor's.

[4] California's Business and Professional Code §17200 prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising" and "Plaintiffs may assert their Sherman Law violation under Business & Professions Code § 17200. *Jackson v. Balanced Health Prods.*, No. C 08-05584 CW, 2009 U.S. Dist. LEXIS 48848, at *17 (N.D. Cal. June 10, 2009).

[5] The Sherman Food, Drug, and Cosmetic Law (the "*Sharman Law*") prohibits misbranding of Produce, misuse of another's trade name, misuse of another's packaging and labeling, and counterfeiting of another's packaging and trade name. Cal. Health & Saf. Code, §§ 110100, 110290, 110300, 110320, and 110330. The Sherman law states that "[a]ny food is misbranded if its labeling is false or misleading in any particular."

7

commerce and selling Enoki mushrooms from China illegally packaged in Plaintiff Sun Hong's packaging.

27.     Utopia's Enoki are misbranded and sold in packaging that is counterfeited, stolen, improperly acquired, and/or used without the permission or consent of Sun Hong.

28.     Utopia has infringed and continues to infringe upon Sun Hong's unregistered trademark and trade dress, as well as to engage in unfair business practices, as defined under the Lanham Act, PACA, and California's Business and Professional Code.

29.     Utopia's illegal actions have caused, and will continue to cause, consumer confusion as well as harm to Sun Hong's business operations, reputation, and goodwill.

30.     Making matters both worse and more urgent, both the state of Missouri's Department of Health and the state of Maryland's Department of Health, as confirmed by the U.S. Food & Drug Administration (the "*FDA*") and tracked by the Center for Disease Control and Prevention (the "*CDC*"), have recently determined the presence of the deadly bacteria Listeria monocytogenes ("*Listeria*") in Utopia's Enoki mushrooms imported from China.

31.     Listeria is a foodborne illness that may be lethal or especially harmful if you are pregnant, aged 65 or older, or have a weakened immune system.

32.     On December 13, 2022, the FDA published a public notice regarding

Utopia's voluntary recall of certain of its Chinese Enoki packaged in "a 200g, clear and blue plastic package with brand name 'Utopia' and barcode 8928918610017 marked on the packaging."

33.     Utopia voluntarily recalled certain of its Chinese Enoki Mushrooms, which Utopia shipped nationwide, in December of 2022 because of the potential to be contaminated with Listeria monocytogenes.

34.     On December 17, 2022, the FDA issued an advisory alert that the "FDA Advises Restaurants and Retailers Not to Serve or Sell and Consumers Not to Eat Product Labeled as Sun Hong Foods, Inc. Enoki Mushrooms Sourced from China Due to Possible Listeria Contamination."

35.     On January 13, 2023, the FDA published a public notice regarding the expansion of Utopia's voluntary recall of certain of its Enoki Mushrooms, imported from China, with clear and blue plastic packages.

36.     Utopia expanded its voluntarily recall of its Chinese Enoki Mushrooms, which Utopia distributed in New York, New Jersey, and Connecticut to produce wholesale companies for further distribution, in January of 2023 because of the potential to be contaminated with Listeria monocytogenes.

37.     FDA and certain state health departments collected and tested samples of Utopia's enoki mushrooms and reported positive test results for Listeria monocytogenes.

38.     On January 27, 2023, the FDA published a public notice advising

restaurants and retailers not to serve or sell and consumers not to eat product labeled as Sun Hong Foods, Inc. enoki mushrooms sourced from China due to possible Listeria contamination.

39.    For the safety and health of California citizens, and to protect Sun Hong's business operations, reputation, and goodwill, Sun Hong asks this Honorable Court to permanently enjoin Utopia from selling or distributing Produce in Sun Hong's packaging.

## **FACTUAL AVERMENTS**

40.    Sun Hong has been an importer and distributor of Enoki mushrooms for almost ten years, and it distributes Enoki nationwide.

41.    Sun Hong is distributor of Enoki, and is well-known amongst wholesalers and retailers with Asian-centric customer bases.

### *Sun Hong's Dealings with Chinese Enoki*

42.    Prior to November of 2021, Sun Hong purchased and distributed Enoki mushrooms from Shandong Youhe Biotechnology Co. Ltd. ("*Shandong*") in China.

43.    In November 2021, Sun Hong ended its relationship with Shandong following Sun Hong's voluntary recall of Shandong supplied Enoki mushrooms on or about May 28, 2021 due to the potential for the product to be contaminated with Listeria monocytogenes.

44.    Sun Hong elected to end its relationship with Shandong to protect its

reputation and to ensure the safety of the products it sells to its customers.

45.     Prior to the termination of its commercial relationship with Shandong, Sun Hong had provided Shandong with plastic bags in 200-gram and 150-gram sizes, labeled with Sun Hong's name and brand, indicating the contents of Enoki mushrooms and their source and nutritional value.  These bags also clearly indicate that the Enoki mushrooms are a product of China. Shandong used these bags to pack Enoki mushrooms for Sun Hong.

46.     In November of 2021, when Sun Hong terminated its relationship with Shandong, Shandong had hundreds of thousands of Sun Hong branded bags, which Sun Hong paid for, had been printed in China, and were being used by Shandong to pack Enoki mushrooms for Sun Hong.

47.     Sun Hong estimates that Shandong possessed over 600,000 unused Sun Hong branded enoki bags at the time Sun Hong terminated its relationship with Shandong.

48.     Following Sun Hong's termination of its relationship with Shandong, Sun Hong specifically instructed Shandong to destroy the Sun Hong branded Enoki mushroom bags, and not put them into the stream of commerce.

49.     Sun Hong is informed and believes that Shandong is selling and/or exporting to Utopia Foods, and that Utopia Foods is receiving and/or importing Enoki mushrooms from Shandong, packaged in Sun Hong branded Enoki mushroom bags.

50.     At all times relevant hereto, Utopia was, and may still be, distributing

Enoki mushrooms from China packaged in Sun Hong branded and labeled packaging nationwide and without Sun Hong's knowledge or consent.

***Sun Hong's Dealings with Korean Enoki***

51.    Beginning in December of 2021, Sun Hong has only imported Enoki mushrooms from the Republic of Korea, not from China.

52.    Since January of 2022, Sun Hong has only purchased and sold Enoki mushrooms grown in the Republic of Korea, which are all clearly marked or identified as a product of Korea distributed by Sun Hong.

53.    Since early August of 2022, Sun Hong has only sold Enoki mushrooms which have been tested and  are traceable to FDA approved laboratory tests, indicating the absence of Listeria and other bacteria.  Sun Hong has tested with FDA approved laboratory tests in order to insure to protect its reputation, and to insure listeria free sale and distribution of Enoki mushrooms from Korea on a shipment-by-shipment basis.

***Sun Hong's Discovery of Misbranded/Mislabeled Enoki in California***

54.    In September of 2022, Sun Hong discovered that Sun Hong branded packages of Enoki mushrooms were for sale at SF Supermarket Inc. stores, located in both West Covina and Sacramento, California.

55.    SF Supermarket Inc. is not a customer of Sun Hong and did not purchase or receive Enoki mushrooms from Sun Hong.

56.    SF Supermarket Inc. carried and was selling Sun Hong branded bags of

Enoki mushrooms labeled as "product of China."

57.     Sun Hong immediately recognized that the packaging on the shelves at SF Supermarket Inc. was the packaging retained by Shandong.

58.     On September 6, 2022, Sun Hong contacted the FDA and notified them of the alleged misbranding/mislabeling incident it discovered in California and provided pictures and information regarding the same.[6]

***Utopia's Distribution of Chinese Enoki***

59.     Based upon recently published FDA and CDC notices, Sun Hong is informed and believes that Utopia is presently selling and distributing, and continues to sell and distribute, Enoki from China that is wrongfully labeled, misbranded, and contains the deadly bacteria Listeria monocytogenes.

60.     The FDA and various state agencies have confirmed the presence of Listeria in Enoki mushrooms distributed and sold nationwide by Utopia and other Produce wholesalers.

61.     Currently, Sun Hong has no commercial relationship with Utopia, and has never had any commercial or other direct trade or financial relationship with

---

[6] 21 U.S.C.S. § 331, expressly prohibits (a) the introduction or delivery for introduction into interstate commerce of any food, drug, device or cosmetic that is adulterated or misbranded; (b) the adulteration or misbranding of any food, drug, device or cosmetic in interstate commerce; (c) the receipt in interstate commerce of any food, drug, device or cosmetic that is adulterated or misbranded and the delivery, or proffered delivery, thereof for pay or otherwise; (d) the introduction, or delivery for introduction, into interstate commerce of any article in violation of § 344 or 355 of this title.

Utopia.

62.    Sun Hong has never permitted or authorized Utopia to use its packaging, its brand name, its identifying marks, or its label.

63.    Utopia has never asked Sun Hong for permission to use any of Sun Hong's packaging, its brand name, its identifying marks, or its label.

***Utopia's Distribution of Contaminated Enoki in Missouri***

64.    On December 13, 2022, Missouri's Department of Health and Senior Services' Bureau of Environmental Health Services ("*MDH*") performed a Listeria test on Enoki mushrooms being sold at Hong Kong Market, which is located in Columbia, MO 65201, and the sampled product tested positive for Listeria.

65.    The photographs and Listeria analysis from the Missouri Department of Health demonstrate that the Hong Kong Market was selling Enoki mushrooms from China packaged in both Utopia and Sun Hong branded packaging.

66.    The Sun Hong branded Enoki mushroom packaging found in the Hong Kong Market in Columbus, MO was identical to the packaging Sun Hong located in California in September of 2022.  Specifically, both instances involved Sun Hong's packaging that was retained by Shandong and wrongly distributed in California and throughout the country.  Sun Hong is informed and believes that the wrongful distribution of the Chinese Enoki mushrooms in the Sun Hong packaging is due to the actions of Utopia.

67.    Sun Hong does not sell, and has not sold, Chinese Enoki to the Hong

14

Kong Market in Columbus, MO. Sun Hong has not sold any Enoki mushrooms from China for more than a year.

68.     Because MDH found Chinese Enoki packaged in Sun Hong branded/labeled bags for sale in the Hong Kong Market in Columbus, MO, On December 17, 2022, the FDA issued a health advisory alert regarding enoki mushrooms sourced from China and packaged in bags identifying Sun Hong as the distributor.

69.     The FDA notified Sun Hong that it intends to issue further warnings and request recalls of the contaminated Enoki mushrooms from China.

70.     In December of 2022, the FDA contacted Sun Hong asking Sun Hong to issue a similar "Company Notice" to the one that Utopia issued recalling all of Sun Hong's Chinese Enoki.

71.     Sun Hong communicated to the FDA that it could not recall any Chinese Enoki because Sun Hong does not sell or distribute Chinese Enoki, and has not for more than a year.

72.     In its communication with the FDA, Sun Hong reminded the FDA representatives of its September email notice/complaint regarding its discovery that Utopia Foods appeared to be selling Chinese Enoki mushrooms in California illegally packaged in Sun Hong packaging.

73.     On December 17, 2022, the FDA issued an "Alerts, Advisory and Safety Information" which stated in part:

15

On November 28, 2022, Missouri state partners, as a part of the FDA-funded Laboratory Flexible Funding Model Cooperative Agreement Program collected enoki mushroom samples from retail markets in Missouri. One sample labeled as Sun Hong Foods Inc, (Montebello, CA) and sourced from China tested positive for Listeria monocytogenes, but does not appear to match any clinical isolates from active outbreaks.

FDA Actions - The FDA is issuing this alert advising consumers to not eat and restaurants and food retailers to not sell Sun Hong Foods Inc. enoki mushrooms sourced from China due to possible Listeria monocytogenes contamination. FDA is also advising consumers, restaurants and food retailers to dispose of Sun Hong Foods Inc. enoki mushrooms sourced from China.

The FDA is awaiting information on further interstate distribution of the enoki mushrooms and will continue to monitor the investigation and provide assistance to state authorities as needed.

***Utopia's Distribution of Contaminated Enoki in Maryland***

74.     On January 25, 2023, the Maryland Department of Health issued a consumer advisory for Enoki mushrooms that warned "consumers not to eat enoki mushrooms produced by Shandong Youhe Biotechnology Co. Ltd. in Shandong Province, China because of potential contamination with Listeria bacteria."

75.     The Maryland Department of Health confirmed that it collected and tested samples of Enoki mushrooms which demonstrated that the mushrooms were produced in China and tested positive for Listeria.

76.     On January 27, 2023, the FDA reported on the results of a whole genome sequencing analysis of the contaminated Enoki mushroom samples collected in Missouri and Maryland and determined that the two strains of Listeria detected on

16

the enoki mushroom products were the same strains of Listeria linked to the reported illnesses in the ongoing outbreak investigation.

77.     As with the sampled Enoki mushroom product found in Columbus, MO, the Maryland Department of Health test samples included Enoki mushrooms from China packaged in clear plastic packages with a brown and green label and includes a label on the back that identifies Shandong as the producer and Sun Hong as the distributor.

78.     Based on the Maryland Department of Health's description of its test samples of Chinese Enoki mushrooms, Sun Hong recognizes the packaging as the same packaging wrongfully retained by Shandong.

79.     Sun Hong continues to receive notifications from, and is continuing to have to interact with, the FDA concerning the sale and distribution of Sun Hong branded enoki mushrooms from China, which Sun Hong did not put into the chain of commerce.

80.     Sun Hong additionally continues to be required to use its resources to correct the problems caused by Utopia and third parties wrongfully using Sun Hong's packaging.

## COUNT I
### Conversion as to All Defendants

81.     Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 1-80 of this Complaint as though restated here in full.

82.     Plaintiff Sun Hong owned and had all possessory rights in the Sun Hong branded enoki mushroom bags.

83.     Defendants wrongfully, and without Sun Hong's knowledge or permission, took possession, custody, or control of the Sun Hong's now Enoki mushroom packaging identifying Sun Hong as the U.S. distributor of Enoki mushrooms grown by Shandong in China.

84.     Defendants knew or should have known that Sun Hong neither agreed to permit nor allowed Defendants to use any Sun Hong branded enoki mushroom bags for any purpose.

85.     Sun Hong was harmed by Defendants use of the Sun Hong branded enoki mushroom bags.

86.     Due to Defendants use of the Sun Hong branded enoki mushroom bags, Sun Hong has been mentioned in FDA missives identifying listeria outbreaks, Sun Hong has had to respond to FDA audits and inquiry activities, suffered loss of value of its brand name, has expended monies and efforts to stop the unauthorized use of the Sun Hong branded bags, and suffered expenses related to the wrongful use of Sun Hong branded bags which it had asked be destroyed.

87.     Defendants conduct in using the Sun Hong branded enoki mushroom bags was a substantial factor in causing Sun Hong harm.

88.     Defendants actions, in knowingly using Sun Hong branded Enoki mushroom bags without Sun Hong's permission or agreement, were actions

undertaken with malice, oppression and fraud.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

## COUNT II
**Lanham Act Violation for Unfair Competition, Misbranding,
False Import, and False Advertising, 15 U.S.C. § 1125(a)
(Strict Liability- Damages) (All Defendants)**

89.     Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 179 of this Complaint as though restated here in full.

90.     Defendants, in violation of the Lanham Act, used and continues to use, in commerce, "false and/or misleading descriptions of fact," which are "likely to cause confusion or to cause mistake," in "commercial advertising or promotion.

91.     Specifically, the Defendants use and continue to use, Sun Hong branded Enoki mushroom bag indicating that Sun Hong is selling Chinese grown enoki mushrooms in the United States.

92.     Sun Hong is not selling Chinese grown enoki mushrooms in the United States.

93.     Defendants use of Sun Hong bags which Sun Hong ordered destroyed, to market Chinese grown enoki mushrooms, has caused false and misleading descriptions of facts.

94.     The sale in the United States of Enoki mushrooms grown in China using Sun Hong branded bags is very likely to cause confusion or mistake, and has in fact caused such confusion or mistake, in that Sun Hong is now the subject of

investigation by the FDA and various state health departments and Sun Hong's name has been publicly identified by multiple government sources as a seller of Enoki mushrooms grown in China which are subject to recall for Listeria contamination. All of these events have occurred at a time after Sun Hong ceased all sales of Chinese grown enoki mushrooms in the United States.

95.     Defendants' actions directly violate the Lanham Act prohibitions against wrongful use of misleading descriptions and facts as to items in commerce.

96.     Defendants' sale of product using packaging with Sun Hong's brand name on it, was false and misleading, as Sun Hong is not selling Sun Hong branded Chinese grown enoki mushrooms at this time, in the United States.

97.     Sun Hong is informed and believes that Defendants' deceptive action in using, supplying, or selling Chinese Enoki mushrooms packaged in Sun Hong branded packaging to its customers (e.g., Produce wholesalers, retailers, etc.) was likely to influence purchasing decisions, and was material in influencing purchasing decisions.

98.     Defendants' conduct resulted in actual deception as the FDA has issued multiple public health advisories regarding the Listeria outbreak involving Chinese Enoki mushrooms and has repeatedly identified Sun Hong by name.

99.     As further evidence that Defendants' conducted resulted in actual deception, the FDA has not been able to identify, locate, or produce a single purchase invoice, bill of lading, or related shipping document tracing any of the Chinese Enoki

mushrooms involved in the current Listeria outbreak (i.e., Nov. of 2022 – January of 2023) back to Sun Hong, notwithstanding the statements on the Chinses Enoki mushroom packaging identifying Sun Hong as the distributor.

100.   Defendants caused the wrongfully Sun Hong branded packages of Enoki mushroom to be placed in the stream of commerce, with Sun Hong branded Chinese Enoki mushroom packages being sold or distributed by Defendants in Missouri, California, Maryland, and other states.

101.   As reported by the FDA and various state departments of health, Utopia widely distributed its Chinese Enoki mushrooms, packaged in Sun Hong branded packaging, in the stream of commerce across the United States.

102.   Defendants willfully, purposefully, and intentionally placed the wrongfully packaged, misbranded goods into the stream of commerce, and continues to do so.

103.   Utopia has willfully, purposefully, and intentionally failed or refused to remove the misbranded, falsely packaged produce from the stream of commerce.

104.   Defendants' actions have caused Sun Hong significant and actual harm, including but not limited to the following: 1) harm to Sun Hong's reputation, 2) continuing harm to Sun Hong as the FDA continues to issue nationwide health advisories naming Sun Hong as a source of the listeria contamination, 3) Sun Hong has been required to expend significant funds in order to limit or mitigate damage to its brand name, its costs and related matters.

105. Plaintiff Sun Hong requests this Court enjoin Defendants from continuing use of Sun Hong branded bags.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

## COUNT III
**Lanham Act Violation for Trademark Infringement, 15 U.S.C. § 1125(a)**
**(Strict Liability- Damages)**

106. Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 1-105 of this Complaint as though restated here in full.

107. By using stolen or misappropriated Sun Hong packaging, Utopia has infringed Sun Hong's protectible interest in its unregistered trademark over its own name and labelling.

108. The Lanham Act, 15 U.S.C. § 1125 *et seq.*, makes "actionable the deceptive and misleading use of marks" "to protect persons engaged in . . . commerce against unfair competition." § 45, 15 U.S.C. § 1127.   Section 43(a) protects qualifying unregistered trademarks.

109. The Lanham Act protects companies that own unregistered trademarks.

110. A trademark is defined in 15 U.S.C. § 1127 as including "any word, name, symbol, or device or any combination thereof" used by any person "to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown."

111. Sun Hong's unregistered trademark to its name and labelling is both descriptive and distinctive because it is *prima facia* distinctive of the identity of Sun Hong's "goods in commerce." Stated simply, there is no other or better way for consumers to recognize that a product is in fact sold by Sun Hong other than the product being labeled as "Sun Hong."

112. Defendants and Sun Hong each target buyers with Pan-Asian centric customers and sell Enoki mushrooms to those same customers as direct or indirect competitors.

113. Utopia has plainly and obviously infringed on Sun Hong's protectible trademark by, *inter alia*, stealing or misappropriating Sun Hong's Chinese Enoki mushroom packaging, which identifies Sun Hong by name and contains its contact information, and placing into the stream of commerce a product identical to that which Sun Hong previously sold (i.e., Enoki mushrooms from China).

114. Defendant Utopia has willfully, purposefully, and intentionally placed packaged goods that infringe upon Sun Hong's protected, unregistered trademark into the stream of commerce in California and throughout the United States.

115. Defendant Utopia has willfully, purposefully, and intentionally refused to remove the infringing products from the stream of commerce.

116. By selling or distributing Enoki mushrooms packaged in Sun Hong branded and labeled packaging, Utopia makes false or misleading statements concerning a competitor's product (here Sun Hong's product).

117.  Actual deception occurred, as there is no possible way for a consumer to buy an infringing Utopia product, marked as Sun Hong Chinese Enoki, with knowledge that it is actually a Utopia product.

118.  Utopia's trademark infringement and deception are material.  Sun Hong has brand-loyal customers (both re-sale customers, like grocery stores, and consumers) who will certainly and obviously be confused and misled by Utopia's trademark infringement.

119.  Plaintiff Sun Hong was injured, because Defendants willfully, falsely, and unlawfully sold and continue to sell infringing products in the interstate stream of commerce causing damages to Sun Hong.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

<u>**COUNT IV**</u>
**Lanham Act Unfair Competition - Federal Trade Dress Infringement**
**15 U.S.C. §1125 and 1127**
**(Strict Liability- Damages) (All Defendants)**

120.  Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 1-119 of this Complaint as though restated here in full.

121.  Defendant Utopia has willfully, purposefully, and intentionally placed Produce into the stream of commerce that exactly copies, or is, Sun Hong's trade dress.

122.  The product Utopia is selling– Enoki mushrooms— is the same as that which Sun Hong sells, and Utopia is (obviously) utilizing the same trade dress as Sun

24

Hong.

123.   Sun Hong and Utopia are competitors in the same market for sales of imported Enoki mushrooms.  Both are nationwide sellers, and the relation of the products (imported Enoki) are nearly identical.

124.   The trade dress is identical because Utopia has either willfully stolen or willfully and exactly counterfeited Sun Hong's packaging.

125.   The strength or novelty of Sun Hong's trade dress, when it is copied exactly, is beyond dispute. Simply stated, the trade dress clearly, obviously, and strongly identifies Sun Hong as the importer and seller/distributor.

126.   Utopia has willfully engaged in this behavior in bad faith, supported by the facts that it will not recall its misbranded Enoki and that it has not, on information and belief, notified a single purchaser that it sold misbranded Enoki illegally packaged in Sun Hong packaging.

127.   Utopia is a New York company, but its falsely packaged and Sun Hong-branded Enoki has already been found in California, Maryland and Missouri, thereby demonstrating that the Produce is involved in interstate commerce.

128.   When a competing company willfully, falsely, and unlawfully sells into the interstate stream of commerce Produce that steals or misappropriates the trade dress of another company, the likelihood of damages is real and apparent.

129.   Plaintiff Sun Hong has been damaged by Defendants actions in wrongfully using Plaintiffs packaging.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

**COUNT V**
**PACA Violation, Unfair Conduct and Misbranding**
**7   U.S.C. § 499a, *et. seq*. (Damages) (All Defendants)**

130.   Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 1-129 of this Complaint as though restated here in full.

131.   PACA governs conduct of PACA registrants, of which both Utopia and Sun Hong are, and prohibits misbranding and unfair conduct.

132.   Utopia is a "Dealer" under PACA.

133.   Defendants violated the PACA requirement that PACA dealers may not make "for a fraudulent purpose, any false or misleading statement in connection with any transaction involving any perishable agricultural commodity which is received in interstate or foreign commerce by such dealer, or bought or sold, or contracted to be bought, sold, or consigned, in such commerce by such dealer…" when Defendants wrongfully, fraudulently, and intentionally used Sun Hong branded bags, which Sun Hong is informed and believes Utopia converted, to sell Chinese grown Enoki mushrooms without notice to, permission from, or an agreement with Sun Hong.

134.   Defendants' false or misleading statements as alleged herein were made for the fraudulent purpose of, *inter alia*, influencing customer purchasing decisions in a competitive Pan-Asian marketplace, disguising the identity of the U.S. distributor, avoiding or limiting the negative impacts associated with the distribution

of contaminated food products (i.e., personal injury litigation, recalls, bad press, etc.), and undercutting competitor pricing by eliminating the need to pay for packaging.

135. Defendants' false or misleading statements was its sale or distribution of Chinese Enoki in the United States packaged in plastic bags identifying Sun Hong as the distributor, not Defendants.

136. Defendants' false or misleading statements were made on the face of the product packaging used to sell and distribute fresh Enoki Mushrooms, which the USDA recognizes as a covered commodity under PACA.

137. Defendants' false or misleading statements regarding its sale of Enoki mushrooms from China were made in connection with interstate or foreign commerce because the Enoki itself originated or was produced in China and the product packaging containing the false or misleading statement was discovered in California, Missouri, Maryland, and other states.

138. Defendants further violated the PACA requirement that PACA dealers must not fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with any Produce transaction.

139. Defendants knowingly and intentionally used Sun Hong branded bags, without Sun Hong's knowledge or consent.

140.   No just cause exists for Defendants to fail or refuse to comply with its duty to properly and truthfully label all Produce sold to third parties and distributed across the nation.

141.   No just cause exists for Defendants to fail or refuse to identify and correct labeling issues affecting their Produce prior to its sale of said Produce to third parties and its distribution of said Produce across the nation.

142.    Utopia, and or its agents or assigns, willfully placed mislabeled and misbranded Produce into the stream of interstate commerce, with no intention to correct its mistake, in violation of 7 U.S.C.S. § 499b(4).

143.   Defendants have failed to properly label or brand the Enoki mushrooms which they are selling or distributing throughout the United States using Sun Hong branded bags.

144.    Sun Hong is entitled to damages under PACA for the wrongful actions of Defendants in using the Sun Hong packaging without Sun Hong's knowledge or consent.

145.   Defendants' actions have caused Sun Hong damage to its sales, reputation, and goodwill, and interfered with Sun Hong's prospective and current economic condition.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

**COUNT VI**
**False or Misleading Statements, Business Disparagement**

## California False Advertising §17500
## (Statutory Penalty and Restitution) (All Defendants)

146.   Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 1-145 of this Complaint as though restated here in full.

147.   Defendants sold enoki mushrooms wrongfully branded as Sun Hong enoki mushrooms.

148.   Utopia sold Chinese grown enoki mushrooms to grocery stores while aware that Sun Hong label on the bags was false.

149.   Utopia, and its agent and assigns knowingly and intentionally sold mislabeled Produce, specifically mislabeling and identifying the wrong producer.

150.   Plaintiffs are informed and believe that Utopia knowingly and intentionally sold mislabeled Produce, specifically mislabeling and identifying the wrong producer to the citizens of California, in order to mislead Californians into believing that Sun Hong was the distributor of the Chinese grown Enoki mushrooms.

151.   Defendants knew or should have known that the Chinese grown Enoki mushrooms have a significant risk of being contaminated with the Listeria virus.

152.   Defendants use of Sun Hong packaging misled California citizens into believing that Sun Hong was distributing the Chinese grown Enoki mushrooms, and therefore, when Sun Hong's name was listed in FDA announcements concerning Chinese grown Enoki mushrooms contaminated with the listeria virus, caused harm to Plaintiff.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

## COUNT VII
## Unfair Business Practices- Business and Professions Code § 17200
## (Statutory Penalty and Restitution) (All Defendants)

153.   Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 1-152of this Complaint as though restated here in full.

154.   Defendants' actions in selling Chinese grown enoki mushrooms using Sun Hong branded bags, without Sun Hong's permission is an unlawful, and fraudulent activity, under California's laws of conversion, under the tenets of the Perishable Agricultural Commodities Act, and under the Lanham Act, among other statutes.

155.   Defendants' actions in selling Chinese grown enoki mushrooms using packaging which Sun Hong thought was destroyed is and was likely to mislead consumers as to the source, and distributor of the enoki mushrooms.

156.   Defendants wrongful use of Sun Hong's packaging violates several laws, specifically and not limited to the Perishable Agricultural Commodities Act, and the Lanham Act, both of which specifically prohibit the use of someone else's trade information, as a wrongful, unfair business practice.

157.   Plaintiff was harmed by Defendants unfair business practices in using Sun Hong's packaging without Sun Hong's permission or knowledge.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

30

**COUNT VIII**

**Commercial Disparagement, Trade Libel, Slander of Goods**
**(Damages) (All Defendants)**

158. Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 1-157 of this Complaint as though restated here in full.

159. Defendants made specific statements that Sun Hong was the distributor of Chinese grown enoki mushrooms by selling Chinese grown enoki mushrooms using Sun Hong branded packaging to third parties across the nation.

160. Plaintiffs are informed and believe that Defendants were aware that there is a significant risk of Listeria in both Chinese grown Enoki mushrooms and Enoki mushrooms in general.

161. Defendants, as nationwide sellers and distributors of fresh Enoki mushrooms, should have known and been aware that there is a significant risk of Listeria in both Chinese grown Enoki mushrooms and Enoki mushrooms in general.

162. Plaintiffs are informed and believe that Defendants intentionally sold Chinese grown enoki mushrooms using Sun Hong packaging with the intent and knowledge that doing so was likely to cause harm to Sun Hong, because of the high likelihood of listeria in Chinese grown enoki mushrooms.

163. Plaintiffs are informed and believe that Defendants intentionally used Sun Hong packaging, that Defendants knew that they had no right to use Sun Hong packaging, that Defendants knew that Sun Hong had not grown, distributed or

intended to distribute Chinese grown enoki mushrooms because of the risk of Listeria, and that Defendants acted, in using the Sun Hong packaging identifying the Chinese grown enoki mushrooms as Sun Hong product, with reckless disregard for the truth of such identification.

164. Defendants distributed the Chinese grown enoki mushrooms using Sun Hong branded packaging to third parties, specifically, to grocers and the public in Missouri, Maryland, and California, as well as to other third parties.

165. Defendants knew, or should have known, that third parties, including consumers, would act in reliance on the identification of the packaging as Sun Hong produce, and that such action would cause Plaintiff financial harm and loss.

166. Defendants' actions in using Sun Hong packaging was a substantial factor in causing Plaintiff's harm and loss of economic benefit and good name.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

## COUNT IX
### Negligence/Negligence Per Se Statutory Failure to Abide
### (Damages, Referral, and Injunctive Relief) (All Defendants)

167. Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 1-166 of this Complaint as though restated here in full.

168. Defendants failed to exercise due care in the sale of Chinese grown enoki mushrooms when they used Sun Hong branded bags without Sun Hong's permission or agreement.

169.   Defendant Utopia  violated its duties of care created, established, or identified in: (i) the FDCA, 21 U.S.C. § 301, *et. seq.*; (ii) PACA, 7 U.S.C. 499(b)(4) & (5); (iii) the Lanham Act, 15 U.S.C. § 1125, *et. seq.*; (iv) California's Unfair Trade Practices Act, Cal. Bus. & Prof. Code § 17200, *et. seq.*; (v) California's Statutory Prohibition on False Advertising, Cal. Bus. & Prof. Code § 17500, *et. seq.*, and (vi) California's Sherman Law, Cal. Health & Saf. Code, § 110100, et. seq.

170.   The Federal Food, Drug, and Cosmetic Act ("*FDCA*") (21 U.S.C. § 301, *et. seq.*) places a duty on Utopia, as an importer, seller, and distributor of a food product, *inter alia* to (i) Label food such that the labeling is accurate in all particulars, 21 U.S.C. § 343(a); (ii) Not offer for sale food under "another name," 21 U.S.C. § 343(b); (iii) Not imitate another food, 21 U.S.C. § 343(c); and (iv) Provide the truthful and accurate name and place of business of the manufacturer, packer, or distributor, 21 U.S.C. § 343(e).

171.   Utopia has violated its duty under the FDCA by selling into the stream of interstate commerce Enoki mushrooms falsely labeled as Sun Hong mushrooms.

172.   The Lanham Act § 1125(a) places a duty of Defendant Utopia that it shall only sell Produce into interstate commerce that does not include false designations of origin and false descriptions, and which is not misbranded. The Lanham Act § 1125 and 1127 both place a duty on Utopia to not improperly use without permission the trademark or trade dress of another.

173.   Utopia has violated its duty under the Lanham Act by selling into the

stream of interstate commerce Enoki mushrooms falsely labeled as Sun Hong mushrooms, by using false descriptions and origin, and by infringing on Sun Hong's trademark and trade dress.

174.   The Sherman Food, Drug, and Cosmetic Law (the "*Sherman Law*") (California Health & Saf. Code, § 109875, *et. seq*.) broadly prohibits the misbranding of food, which is defined as labeling that is false or misleading in any particular. The Sherman Law incorporates all food labeling regulations and any amendments to those regulations adopted pursuant to the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 et seq.) as the food labeling regulations of California (Health & Saf. Code, § 110100, subd. (a)).

175.   Specifically, The Sherman Law places a duty on Utopia to: (i) not forge, counterfeit, simulate, falsely represent, or without proper authority use, any mark, stamp, tag, label, or other identification device that is authorized or required by regulations adopted pursuant to this part or the federal act, § 110300; (ii) not place, or cause to be placed upon any food, drug, device, or cosmetic, or its package, the trade name or other identifying mark or imprint of another person or any likeness of the trade name or other identifying mark or imprint of another person, § 110315; (iii) not sell, dispense, dispose of, hold, or conceal any food, drug, device, or cosmetic or its package, with knowledge that the trade name or other identifying marks, imprint, or likeness of the trade name or other identifying mark or imprint of another person has been placed on the food, drug, device, or cosmetic or its package, § 110320; and

34

(iv) not do any act that causes any food, drug, device, or cosmetic to be a counterfeit, or to sell, dispense, or hold for sale or dispensing, the counterfeit food, drug, device, or cosmetic, § 110330.

176.   Utopia has violated its duties under the Sherman Law provisions § § 110300, § 110315, § 110320, 110330, by willfully and intentionally mislabeling and misidentifying its Enoki, and by forging, counterfeiting, simulating, falsely representing, and/or without proper authority using Sun Hong's brand, label, and packaging.

177.   Utopia has violated its duties under the Sherman Law by, with an intent to deceive, stealing and/or counterfeiting Sun Hong's trade name, trade dress, packaging, and label.

178.   Utopia has violated its duties under the Sherman Law by, with an intent to deceive and without permission, using Sun Hong's trade name, trade dress, packaging, and label, and selling Produce in California that Utopia knew or should have known was improperly labeled, packaged, and branded.

179.   California's Statutory Prohibition on False Advertising (Cal. Bus. & Prof. Code § 17500, *et. seq.*) places a duty on Utopia to not sell Produce bearing any "advertising device" that makes any "untrue or misleading" statement.

180.   Utopia has violated Cal. Bus. & Prof. Code § 17500 *et seq.* by selling into the stream of interstate commerce Enoki mushrooms falsely labeled, branded, and packaged as Sun Hong mushrooms.

181.   The California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, places a duty on Defendant Utopia to not commit unfair business practices, including the violation of applicable federal and state statutes.  Cal. Bus. & Prof. Code §§ 17200 and 17203.

182.   Utopia has violated Cal. Bus. & Prof. Code § 17200 *et seq.* by selling into the stream of interstate commerce Enoki mushrooms falsely labeled, branded, and packaged as Sun Hong mushrooms, and by utilizing a trade dress identical to Sun Hong's trade dress.

183.   Defendants' actions in using the Sun Hong packaging without Sun Hong's knowledge or agreement violated the Lanham Act prohibition against wrongful use of trade dress, the Perishable Agricultural Commodities Act prohibition against false identification of goods, the Food Drug and Cosmetic Act prohibition against misbranding and false labeling, and multiple other statutes.

184.   These statutes each create a duty of care that Utopia must abide by.

185.   Utopia knew or should have known that its use of Sun Hong-branded packaging would violate each of these laws, confuse consumers and customers, and harm Sun Hong.

186.   Utopia knew or should have known that its use of Sun Hong-branded packaging would cause injury to Sun Hong and to customers and consumers throughout California and the United States.

187.   Sun Hong suffered and continues to suffer damages from Defendants

negligence.

188.   Sun Hong is therefore entitled to damages pursuant to Defendants' negligence per se under its statutory duty to abide.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

## COUNT X
## Intentional Interference with Prospective Economic Advantage
## (All Defendants)

189.   Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 1--188 of this Complaint as though restated here in full.

190.   Sun Hong and multiple distributors and other buyers of fresh Produce, including Enoki mushrooms, were in an economic relationship which likely would result in economic benefit or a continued economic benefit to Sun Hong.

191.   As competitors in the various Pan-Asian markets for Enoki mushrooms across the country, Defendants knew, or should have known, of the relationship between Sun Hong and its distributors and other buyers of Produce, including Enoki mushrooms.

192.   Defendants used Sun Hong packaging, without Sun Hong's permission or knowledge, to distribute Chinese grown enoki mushrooms, with risk of Listeria contamination.

193.   Defendants knew or should have known that by wrongfully using Sun Hong's packaging without Sun Hong's permission or knowledge that they would disrupt Sun Hong's relationship with its distributors and other buyers of Produce,

including Enoki mushrooms.

194.   In fact, due to Defendants wrongful use of Sun Hong's packaging, Sun Hong has been identified by the FDA in more than one recall or health warning involving Enoki mushrooms, due to risk of Listeria contamination or actual Listeria contamination.

195.   The FDA's national health warnings and press releases identifying Sun Hong, along with continued FDA investigation and audit of its operations, has disrupted Sun Hong's business relationships with its buyers and distributors of Sun Hong Produce.

196.   Sun Hong suffered losses and harm due to Defendants actions, and continues to suffer loss and harm.

197.   Defendants conduct, in wrongfully using Sun Hong packaging without Sun Hong's knowledge or permission, was a substantial harm in causing Sun Hong damage and loss.

198.   Defendants conduct was intentional, and Defendants actions, in knowingly using Sun Hong branded Enoki mushroom bags without Sun Hong's permission or agreement, were actions undertaken with malice, oppression, and fraud.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

**COUNT XI**
**Negligent Interference with Prospective Economic Advantage**
**All Defendants**

199.   Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 1-198 of this Complaint as though restated here in full.

200.   Sun Hong and multiple distributors and buyers of fresh Produce, including Enoki mushrooms, were in an economic relationship which likely would result in economic benefit to Sun Hong.

201.   Defendants knew, or should have known, of the relationship between Sun Hong and the distributors and buyers of fresh Produce, including Enoki mushrooms.

202.   Defendants used Sun Hong packaging, without Sun Hong's permission or knowledge to distribute Chinese grown Enoki mushrooms, with risk of Listeria contamination.

203.   Defendants knew or should have known that by wrongfully using Sun Hong's packaging without Sun Hong's permission or knowledge that they would disrupt Sun Hong's relationship with distributors and buyers of fresh Produce, including Enoki mushrooms.

204.   In fact, due to Defendants wrongful use of Sun Hong's packaging, Sun Hong has been identified by the FDA in more than one recall or public health advisory/warning involving Enoki mushrooms produced in China, due to risk of Listeria contamination.

205.   The public health advisory/warnings involving Enoki Mushrooms from China, along with the FDA's related investigation and audit of Sun Hong, has

39

disrupted Sun Hong's relationships with sellers, buyers, and distributors of Sun Hong Produce.

206.    Sun Hong suffered loss, and harm due to Defendants actions.

207.    Defendants conduct, in wrongfully using Sun Hong packaging without Sun Hong's knowledge or permission was a substantial harm in causing Sun Hong damage and loss.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

### COUNT XII
### Injunctive Relief
### (All Defendants)

208.    Plaintiff Sun Hong re-alleges, adopts, and incorporates Paragraphs 1--207 of this Complaint as though restated here in full.

209.    The Federal Food, Drug, and Cosmetic Act ("*FDCA*") (21 U.S.C. § 301, *et. seq.*), the Perishable Agricultural Commodities Act ("*PACA*") (7 U.S.C. 499(b)(4) & (5)), the Lanham Act (15 U.S.C. § 1125, *et. seq.*), California's Unfair Trade Practices Act (Cal. Bus. & Prof. Code § 17200, *et. seq.*), California's Statutory Prohibition on False Advertising (Cal. Bus. & Prof. Code § 17500, *et. seq.*), and California's Sherman Law (Cal. Health & Saf. Code, § 110100, et. seq.)  all provide for injunctive relief to stop inappropriate activities under the individual statutes.

210.    Defendants have violated the various requirements against fraudulent labeling, false use of name and related prohibitions identified in each of the statutes identified above, by selling Chinese sourced Enoki mushrooms using Sun Hong's

40

packaging without Sun Hong's knowledge or permission.

211.   Defendants wrongful use of Sun Hong's packaging, and continuing wrongful use of Sun Hong's packaging, has harmed, and continues to harm, Sun Hong, subjecting Sun Hong to FDA activities, putting Sun Hong's name out in nationwide public health advisories and warnings regarding Chinese grown Enoki mushrooms due to Listeria contamination and related matters.

212.   Defendants' actions are causing Sun Hong immediate and irreparable harm, which can only be remedied by equitable action on the part of this Court.

WHEREFORE, Plaintiffs pray for damages as set forth in the prayer below;

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   As to Counts 1, 2, 3, 4, 5, 8, 9, 10, and 11 – For damages in a sum according to proof, including sums paid for loss of profits, and damages;

2.   As to Counts 6 and 7, fines for each violation and occurrence in the amount set by statute and as determined by the Court;

3.   As to Counts, 2, 3, 4, 5, 8, and 12, for declaratory relief, including injunction, and or whatever equitable relief is necessary, appropriate as determined by the Court;

4.   As to Counts 1, 8, 9, 10, and 11, for punitive damages in a sum according to proof;

41

5. As to Counts 2, 3, 4, and 5, treble damages in a sum according to proof;

6. For costs incurred herein;

7. For attorney's fees as provided for by statute, in a sum according to proof; and

8. For such other and further relief as the Court deems proper and appropriate.


Dated: January 27, 2023                    Respectfully submitted,

KLINOWSKI DAMIANO                          DIEMER & WEI, LLP

By: *Jason R. Klinowski, Esq.*             By: *Kathryn S. Diemer, Es*
    Jason R. Klinowski, Esq.                   Kathryn S. Diemer, Esq.
*(Pro Hac Vice Forthcoming)*